# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 4664 | **DATE** | 7/24/2008 |
| **CASE TITLE** | Gaughan, et al. vs. Crawford, et al. | | |

**08 C 50150**

**DOCKET ENTRY TEXT:**

Defendants' motion to bifurcate and to bar discovery and trial on the causation and custom, policy, or practice elements of the <u>Monell</u> claims [72] is granted. Plaintiffs' motion to consolidate [67] is denied. The clerk is ordered to sever the claims of the following four plaintiffs: Melissa Kelly, as Parent of Nichole Surber; Paul Beisner, as Parent of Steven Beisner; Penny Osborn, as Parent of Cassandra Craft; and Tamara McMackin, as Parent of Zachary McMackin (counts XIX (mislabeled as "IXX") through XLIV and applicable portions of count XLVI) and treat the claims of each of these plaintiffs as separate actions and to assign separate docket numbers to each of those actions. These four plaintiffs are each given leave to file separate amended complaints and pay the $350 filing fees by August 31, 2008. Failure to file an amended complaint or to pay the filing fee will result in dismissal. Brian and Kevin Gaughan are also ordered to file an amended complaint by August 31, 2008, containing only their claims.

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    This 51-count lawsuit involves multiple occurrences of alleged police misconduct by Marengo Officers Scott Crawford and Kelly Given occurring over an 18-month period of time, as well as misconduct by other officers during an alleged cover-up. Plaintiffs have sued individual officers and the City of Marengo alleging violations of their constitutional rights under 42 U.S.C. § 1983, as well as various state-law claims. Before the court are (1) defendants' motion to bifurcate and bar discovery and trial on the causation and "custom, policy or practice" elements of the claims brought against the City of Marengo pursuant to <u>Monell v. Department of Social Services of New York</u>, 436 U.S. 658 (1978), and (2) plaintiffs' motion to consolidate this case with another case pending before this court entitled <u>Hedio v. Mahlke, et al.</u>, No. 06 C 50184.

### I. BACKGROUND

    In this case, six plaintiffs, Brian Gaughan; Kevin Gaughan; Melissa Kelly, as Parent of Nichole Surber; Paul Beisner, as Parent of Steven Beisner; Penny Osborn, as Parent of Cassandra Craft; and Tamara McMackin, as Parent of Zachary McMackin, have sued seven defendants, Officer Scott Crawford, Police Chief Larry Mason, Officer Kelly Given, The City of Marengo, Illinois State Police Special Agent William Kroncke, Illinois State Police Investigator Virgil Schroeder, and Sergeant Rodney Riley, alleging violations of their constitutional rights and various state-law torts.  The following six instances of alleged constitutional violations are contained in the second amended complaint: (1) on June 9, 2003, Crawford used excessive force in arresting Steven Beisner; (2) on November 22, 2003, Crawford used excessive force in arresting Zachary McMackin; (3) on June 6, 2004,

**STATEMENT**

Crawford used excessive force in falsely arresting Cassandra Craft; (4) on September 24, 2004, Crawford and Givens used excessive force in arresting Nichole Surber; (5) on October 8, 2004, Crawford used excessive force in arresting Brian Gaughan, and falsely arrested and maliciously prosecuted Brian and Kevin Gaughan; and (6) on November 9, 2004, Kroncke, Schroeder, and Riley falsely arrested Kevin Gaughan, and Kroncke used excessive force. With regard to the November 9, 2004 incident, it is alleged that Kroncke and Schroeder, in an attempt to force Kevin Gaughan to recant his earlier statements about Crawford's abuse, struck Kevin Gaughan twice and knocked Orest Heido unconscious in Kevin Gaughan's presence. In their Monell claims, plaintiffs allege that Marengo caused the constitutional violations they suffered by failing to take appropriate action, conducting inadequate investigations, creating a custom and policy of such behavior, and accepting, encouraging and ratifying the officers' misconduct. All plaintiffs further allege that Marengo, Mason, Crawford, Given, and other Marengo police officers conspired to violate their constitutional rights. Various state-law torts are also pleaded in connection with the these alleged incidents.

In Case No. 06 C 50184, plaintiff, Orest Hedio, has sued five defendants, Officer David Mahlke, Chief Mason, Marengo, Kroncke, and Schroeder, alleging violations of his constitutional rights and various state-law torts. Specifically, Hedio alleges that after he was arrested on November 9, 2004, and handcuffed behind his back, he was taken to the Marengo Police Department where Mahlke slammed him into a holding cell door and Kroncke struck him about the head and shoulders in the presence of Kevin Gaughan. Hedio alleges that his constitutional rights were violated through the excessive use of force, deliberate indifference to his medical condition, failure to intervene, and conspiracy to violate his constitutional rights. In his Monell claim, Hedio alleges that the City of Marengo caused the constitutional violations he suffered by failing to take appropriate action, conducting inadequate investigations, creating a custom and policy of such behavior, and accepting, encouraging and ratifying the officers' misconduct. Various state-law torts are also pleaded in connection with the these alleged incidents.

II. ANALYSIS

A. Motion to Bifurcate and Bar Discovery and Trial

A plaintiff may maintain an action against a municipality under 42 U.S.C. § 1983 only if he can show that his constitutional rights were violated and that the violation was directly caused by a "custom, policy or practice" of the defendant municipality. Monell, 436 U.S. at 690-92. Thus, the elements of a Monell claim are (1) the deprivation of a constitutional right; (2) that action was taken pursuant to a custom, policy or pracitce of the local government unit; and (3) that such action was the cause of the deprivation. Id. at 692. If a plaintiff cannot prove a violation of his or her constitutional rights, his or her Monell claim against a local government will fail as a matter of law. See City of L.A. v. Heller, 475 U.S. 796, 799 (1986) (stating that "neither [Monell] nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm").

If plaintiffs are successful in proving one or more violations of their constitutional rights by one or more of the individual Marengo officers and that the violations were the result of Marengo's custom, policy or practice, Marengo (as well as the individual officer) would be directly liable to plaintiffs for compensatory damages. However, plaintiffs will not be entitled to recover any additional compensatory damages if they were to succeed on their Monell claims against Marengo. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) (holding that a municipality is immune from punitive damages under § 1983); Spanish Action Comm. of Chi. v. City of Chi., 766 F.2d 315, 321 (7th Cir. 1985). On the other hand, even if plaintiffs were unsuccessful in proving their Monell claims, under Illinois law, a local government like Marengo is required to pay tort judgments for compensatory damages for which its employees are liable for acts within the scope of their employment. 745 ILCS 10/9-102. Consequently, regardless of whether the second and third elements of Monell are satisfied, Marengo would be required to pay any individual judgments secured against its officers for the

**STATEMENT**

constitutional torts they committed within the scope of their employment.

It is against this legal landscape that Marengo moves to bifurcate and to bar discovery and trial on the second and third elements of plaintiffs' Monell claims pursuant to a stipulation that Marengo has presented to the court, waiving its right to demand proof of the "custom, policy, or practice" and "causation" elements of the Monell claims. Pursuant to the proposed stipulation:

> The City agrees to entry of judgment against it for compensatory damages for an amount against an individual Defendant Officer if, an[d] only if, the finder of fact in this case finds that the individual Defendant Officer violated each individual Plaintiff's constitutional rights as alleged in Plaintiffs' Second Amended Complaint. For this purpose and in this case only, The City of Marengo specifically waives its rights under Monell, 436 U.S. 658, not to be held liable for damages under § 1983 without proof that the City, by its policy custom or practice, and with the requisite degree of culpability, caused the alleged constitutional violation. If such a constitutional violation is found, The City agrees to entry of a judgment against it for compensatory damages based on the constitutional violation alone, not upon any alleged "custom, policy or practice."

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). It is within the district court's discretion to order bifurcation of a plaintiff's claims and its decision will stand absent a clear showing of abuse. Treece v. Hochstetler, 213 F.3d 360, 364 (7th Cir. 1994). Judges in this district have granted bifurcation motions similar to Marengo's on multiple occasions. See, e.g., Ojeda-Beltran v. Lucio, No 07 C 6667, 2008 WL 2782815 (N.D. Ill. July 16, 2008) (Aspen, J.); McKnight v. City of Harvey, No. 05 C 1970 (N.D. Ill. May 2, 2008) (oral ruling Shadur, J.); Elrod v. City of Chi., Nos. 06 C 2505 & 07 C 203, 2007 WL 3241352 (N.D. Ill. Nov. 1, 2007) (Soat Brown, M.J.); Kunz v. City of Chi., No. 01 C 1753, 2003 WL 21960360 (N.D. Ill. Aug. 13, 2003) (granting motion to bar discovery and trial of policy issues) (Zagel, J.); Wawryniuk v. City of Chi., No. 03 C 4291, doc. 34 (N.D. Ill. Apr. 30, 2004) (granting motion to bar discovery of policy issues where City had stipulated that the officer's conduct was the result of municipal policy and to a causal link between the conduct and the plaintiff's injury, leaving only the question whether the officer's conduct had been unconstitutional) (St. Eve, J.); Lopez v. City of Chi., No. 01 C 1823, doc. 160 (N.D. Ill. Oct. 27, 2004) (barring trial on Monell claim where City, without admitting unconstitutional policy or practice, consented to judgment based on the officer's unconstitutional conduct) (Der-Yeghiayan, J.); Jones v. City of Chi., No. 98 C 5418, 1999 WL 160228 (N.D. Ill. Mar.10, 1999) (granting motion to bifurcate Monell claim because convenience, expedition and economy are served, and the likelihood of prejudice to officers would be avoided) (Kocoras, J.).

Marengo argues that granting its motion serves judicial economy interests including the elimination of any justiciable case or controversy as to the second and third Monell elements. In response, plaintiffs argue that (1) granting Marengo's motion would not maximize judicial efficiencies; (2) there remains a case or controversy and they have a right to proceed against all wrongdoers who caused their injuries, including Marengo; and (3) Marengo's immunity defense weighs against granting their motion.

Plaintiffs argue that granting Marengo's motion will delay this litigation and consume valuable resources because the parties will be faced with two trials which will encompass much of the same evidence. This argument, however, misconstrues Marengo's motion. Marengo does not seek bifurcation in order to have separate trials on the claims against the individual officers and the claims against Marengo. Rather, Marengo seeks to bifurcate and bar trial and discovery on the second and third Monell elements. Marengo is asking the court to accept its waiver of proof on the second and third elements of the Monell claims such that if the trier of fact determines that the remaining element is proven, judgment will be entered against Marengo and there will

**STATEMENT**

be no need for a second trial. If plaintiffs fail to prove a constitutional violation, their Monell claims against Marengo will necessarily fail. See Heller, 475 U.S. at 799. On the other hand, if a constitutional violation on the part of any Marengo officer is proven, Marengo's proposed stipulation contemplates that a judgment against Marengo will be entered in an amount equal to the compensatory damages assessed against any Marengo officer individually. Either way, a trial on the second and third Monell elements will be unnecessary. See Wawryniuk, No. 03 C 4291 (noting "there will not be a need for a second trial regardless of the outcome of the first trial").

Plaintiffs further argue that Marengo has utterly failed to make a showing that bifurcation will be in furtherance of convenience or will be conducive to expedition and economy. The court disagrees. Discovery on plaintiffs' Monell claims has not begun and will be extensive. Granting Marengo's motion would avoid such discovery altogether. Additionally, a trial where the jury does not consider two of the three Monell elements will undoubtedly be more concise than a trial where those elements are considered, and the shorter trial will conserve judicial resources as well as those of the parties. See Hochstetler, 213 F.3d at 365 (holding that bifurcation under similar circumstances was not an abuse of discretion because it avoided an unnecessary second trial in light of the fact that the City agreed to a judgment against itself should the jury find the officer liable). Thus, bifurcating out and barring trial and discovery on the two additional Monell elements would promote the goals of judicial economy, expediency, and convenience.

Plaintiffs also maintain that they have a right to proceed against all the wrongdoers that caused their injuries and granting Marengo's motion deprives them of that right. In the court's view, however, granting Marengo's motion will do no such thing. At trial, plaintiffs will proceed against Marengo while relieved of proving two of the three elements necessary to sustain their Monell claims, making it easier for plaintiffs to secure a judgment against Marengo. It is also true, as plaintiffs contend, that there remains an actual case and controversy between the plaintiffs and Marengo. That case and controversy, however, has been reduced by Marengo's waiver of proof as to the second and third elements of the Monell claims.

Next, plaintiffs argue that Marengo's affirmative defense of immunity precludes bifurcation and that it is possible that, post-verdict, Marengo would take the position that the indemnification statute is not applicable because the officers were not acting within the scope of their employment or were acting willfully and wantonly. The simple answer to this argument is that the proposed stipulation will bind Marengo to pay plaintiff compensatory damages in the amount assessed against any individual Marengo officer if the jury determines that plaintiffs have proven a constitutional violation by any individual Marengo officer. Marengo will be so obligated whether or not it believes now or in the future that it is immune, or that the officers were acting willfully and wantonly or outside the scope of their employment.

Because bifurcation will promote the goals of judicial economy, expediency, and convenience, and having rejected plaintiffs' arguments in opposition, the court grants Marengo's motion to bifurcate and bar discovery and trial on the second and third elements of the Monell claims against Marengo with the following modification to the proposed stipulation in order to effectuate the intent of the stipulation. Because Marengo is agreeing to the entry of a judgment against it for any and all amounts of compensatory damages awarded to any and all plaintiffs against any Marengo officer individually, the word "each" in line four of paragraph 5 of the proposed stipulation will be replaced with the word "any."[1] As modified the stipulation is accepted and the motion is granted.

B. Motion to Consolidate

Plaintiffs move pursuant to Federal Rule of Civil Procedure 42(a) to consolidate this action with Case No. 06 C 50184 on the ground that the cases involve common questions of law and fact and that consolidation will avoid unnecessary costs and delay, and foster judicial economy. Plaintiffs argue that consolidation is appropriate because (1) the cases arise out of the same actions taken by defendants; (2) the cases present common factual issues and consolidation will facilitate resolution of the issues by adjudicating all claims relating to the actions

**STATEMENT**

taken by defendants; (3) transfer of the actions to a single forum will prevent duplication of discovery; and (4) consolidation before one judge will achieve judicial economy. Defendants Mason, Crawford, Given, City of Marengo, and Riley object to the motion to consolidate.

Federal Rule of Civil Procedure 42(a) provides:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). The court has broad discretion to order consolidation of actions where there are common questions of law or fact. United States v. Knauer, 149 F.2d 519, 520 (7th Cir. 1945); Sage Prods. Inc. v. Devon Indus., Inc., 148 F.R.D. 213, 215 (N.D. Ill. 1993). The moving party has the burden of proving that consolidation is appropriate. In re Repetitive Stress Injury Litig., 11 F.3d 368, 373 (2d Cir. 1993); Schissel v. Wells, No. 06 C 0722, 2007 WL 4143223, at *3 (E.D. Wis. Nov. 19, 2007). Plaintiffs do not specify the subsection of Rule 42(a) under which they seek relief, but they do ask the court to consolidate the actions into one. Therefore, the court assumes that plaintiffs' motion is made pursuant to Rule 42(a)(2).

In applying the discretion afforded by Rule 42(a), the court concludes that consolidation of the actions is not appropriate. The constitutional and state-law torts allegedly visited upon Hedio occurred in an incident completely independent of the constitutional and state-law torts allegedly visited on the plaintiffs in this case. The only place the cases slightly overlap are in the claims of Kevin Gaughan regarding the events of November 9, 2004. Hedio and the Gaughans allege that on November 9, 2004, Kroncke and Mahlke battered Hedio at the Marengo police department in Kevin Gaughan's presence in an effort to intimidate Kevin Gaughan into recanting the police brutality complaint he had lodged regarding Crawford's use of excessive force on October 8, 2004. The issue of whether Hedio was battered is a central issue in Hedio's case. However, whether such battery occurred for the purpose of intimidating Brian Gaughan is not a central issue in this case. First, that issue has nothing to do with the claims of the four non-Gaughan plaintiffs in this case. Second, the issue is only peripherally related to the claims of the Gaughans. In fact, the battering of Hedio in Kevin Gaughan's presence is just one of eight alleged acts of intimidation visited upon Kevin Gaughan on November 9, 2004, and is not essential to proving that Kevin Gaughan was falsely arrested, maliciously prosecuted, or had excessive force used upon him on that date. The court does not mean to suggest that evidence of the alleged Hedio beating could not be relevant in a trial of the Gaughans' claims, just that it is not a cental issue to the resolution of this case. See 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383 (3d ed. 2008) ("[A] motion under Rule 42(a) may be denied if the common issue is not central to the resolution of the cases"). Consequently, plaintiffs have failed to establish a sufficient common question of law or fact with regard to the cases.

Plaintiffs also have failed to establish that consolidating these suits into a single action at this stage of the litigation would promote convenience or judicial economy. Also, any duplicity of discovery is significantly reduced if not eliminated by the court's ruling on Marengo's motion to bifurcate and to bar discovery and trial on two of the three Monell elements. Therefore plaintiffs' motion to consolidate is denied.

The court now considers sua sponte whether the claims of the plaintiffs, Melissa Kelly, as Parent of Nichole Surber; Paul Beisner, as Parent of Steven Beisner; Penny Osborn, as Parent of Cassandra Craft; and Tamara McMackin, as Parent of Zachary McMackin (hereafter non-Gaughan plaintiffs), should be severed pursuant to Federal Rule of Civil Procedure 21, because of misjoinder. Rule 20(a) allows permissive joinder of plaintiffs if (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrence, or series of transactions or occurrences," and (2) "any question of law or

**STATEMENT**

fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Rule 21 authorizes the court to sua sponte sever the claims of any misjoined party at any stage of a lawsuit.[2] Fed. R. Civ. P. 21. "Misjoinder occurs when parties fail to satisfy either of the two requirements set forth in Rule 20(a)." Smith v. Ne. Ill. Univ., No. 98 C 3555, 2002 WL 377725, at *1 (N.D. Ill. 2002) (citing Bailey v. N. Trust Co., 196 F.R.D. 513, 515 (N.D. Ill. 2000)).

Factors to consider in determining whether the first requirement of Rule 20(a) is met are when the alleged conduct occurred, who was involved, whether the conduct was similar, and whether it implicated a system of decision making or widely held policy. See Wilson v. Peslak, No. 04 C 2345, 2005 WL 1227316, at *2 (N.D. Ill. May 12, 2005). Upon review of plaintiffs' 95-page second amended complaint, it is apparent that the non-Gaughan plaintiffs' claims of do not arise out of the same transaction or occurrence, or series of transactions or occurrences. Rather these four plaintiffs' claims arise out of unrelated incidents occurring on September 24, 2004, June 6, 2004, November 22, 2003, and June 9, 2003, respectively. With regard to the people involved and similarity of the alleged conduct, with the exception of the allegation that Crawford used excessive force against each of them, these four plaintiffs' claims are factually unrelated and unrelated to the claims brought by the Gaughans. With regard to the last factor, in light of the court's disposition on the motion to bifurcate and bar discovery and trial on two of the three Monell elements, the Monell claims do not provide a basis to conclude that these four plaintiffs' claims arise out of the same transaction or occurrence, or series of transactions or occurrences. In addition, the Court finds that it would be confusing and unfairly prejudicial to defendants for a single jury to hear evidence and make factual determinations concerning six separate incidents in one trial. Accordingly, pursuant to Rule 21 and 42(b), the claims of the non-Gaughan plaintiffs are severed from the claims of the Gaughans as improperly joined. These four plaintiffs may proceed in separate suits.

### III. CONCLUSION

For the foregoing reasons, defendants' motion to bifurcate and to bar discovery and trial of the causation and custom, policy, or practice elements of the Monell claims is granted. Plaintiffs' motion to consolidate is denied and the claims of the non-Gaughan plaintiffs (counts XIX through XLIV and applicable portions of count XLVI) are severed from those of Brian and Kevin Gaughan. These four plaintiffs are given leave to file amended complaints under the new case numbers, along with the required filing fees, by August 31, 2008. Failure to file an amended complaint or pay the filing fee will result in dismissal. Brian and Kevin Gaughan are also ordered to file an amended complaint containing only their claims by August 31, 2008.

---

1. The court will entertain objection to this modification if it does not reflect the intent of the proposed stipulation.

2. Rule 21 also permits the court to drop a party from the case. The court, however, is duty bound to sever claims rather that dismiss a party without prejudice to prevent barring of claims under an applicable statute of limitations. See Elmore v. Henderson, 227 F.3d 1009, 1012 (7th Cir. 2000).