Surber Complaint
Atty 6209128

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| NICHOLE SURBER, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 08 c 50150 |
| v. ) | |
| ) | |
| OFFICER SCOTT CRAWFORD, ) | **FILED** |
| POLICE CHIEF LARRY MASON ) | |
| OFFICER KELLY GIVEN, ) | AUG 2 8 2008 |
| and THE CITY OF MARENGO ) | |
| ) | MICHAEL W. DOBBINS |
| Defendants ) | CLERK, U.S. DISTRICT COURT |

## COMPLAINT

### JURISDICTION

1. This is an action brought for damages and other appropriate relief under 42 U.S.C., section 1983, for violation of the plaintiff's Federal Civil Rights by the defendants, whose actions were taken under the color of State law. This action is also based on battery and negligent hiring and retention, reckless hiring and retention.

2. Jurisdiction is conferred upon this court by 28 U.S.C., section 1331, 28 U.S.C., section 1343(a)(3), and under Principles of Pendent Jurisdiction.

3. On or about August 15, 2005, a Complaint on behalf of Brian Gaughan, Kevin Gaughan, Melissa Kelley as Parent of Nichole Surber, Paul Beisner As Parent Of Steven Beisner, Penny Osborn as Parent of Cassandra Craft and Tamara Mcmackin as Parent of Zachary Mcmackin was filed against Defendants Officer Scott Crawford, Police Chief Larry Mason, Officer Kelly Given, the City Of Marengo, Special Agent William Kroncke, Special Agent Virgil Schroeder, and Sergeant Rodney Riley.

4. On or about July 24, 2008, the United States District Court, Northern District of Illinois, Western Division, ruled that the Plaintiffs in case No.05 C 4664 should be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure, and separate cases filed.

5. On or about September 24, 2004, and at all times relevant herewith, the plaintiff, NICHOLE SURBER, whose date of birth is September 11, 1988, was a resident of the City of Marengo, County of McHenry and State of Illinois, and she lives at the location of 630 West Prairie in said city.

6. On each of these dates, the defendant, THE CITY OF MARENGO, was a municipal corporation organized under the laws of the State of Illinois.

7. On each of these dates, and at all times relevant herewith, the defendant, OFFICER SCOTT CRAWFORD, was employed by the Police Department of the defendant, THE CITY OF MARENGO.

8. On each of these dates or before said dates, and at all times relevant herewith, the defendant, POLICE CHIEF LARRY MASON, was employed by the Police Department of the defendant, THE CITY OF MARENGO.

9. On each of these dates, and at all times relevant herewith, the defendant, OFFICER KELLY GIVEN, was employed by the Police Department of the defendant, THE CITY OF MARENGO.

## COUNT I
## EXCESSIVE FORCE-1983

NOW COMES the plaintiff, NICHOLE SURBER, by and through her attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, states that:

1. On or about September 24, 2004, the plaintiff, NICHOLE SURBER, was lawfully on state supported land at 110 Franks Road in the City of Marengo, County of McHenry and State of Illinois.

2. At the time and place aforesaid, the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, were present and in uniform as law enforcement officers of defendant THE CITY OF MARENGO.

3. At the time and place aforesaid, the defendants detained the plaintiff, NICHOLE SURBER, under suspicion of underage drinking as she was sixteen years old at the time.

4. The defendant, OFFICER KELLY GIVEN, placed the plaintiff, NICHOLE SURBER, under arrest.

5. During the course of the arrest, the defendant, OFFICER KELLY GIVEN, without provocation, need or explanation then deliberately, maliciously and willfully tackled the plaintiff, NICHOLE SURBER, and deliberately, maliciously and willfully sat upon the plaintiff, NICHOLE SURBER's, back.

6. The defendant, OFFICER KELLY GIVEN, then deliberately, maliciously and willfully approached the plaintiff, NICHOLE SURBER, and also sat upon the plaintiff, NICHOLE SURBER's, back.

7. The defendant, OFFICER KELLY GIVEN, deliberately, maliciously and willfully handcuffed the plaintiff, NICHOLE SURBER, behind the back in such a manner as to cause the plaintiff, NICHOLE SURBER, physical pain and bodily harm.

8. The defendant, OFFICER KELLY GIVEN, continued to restrain the plaintiff, NICHOLE SURBER, in this manner despite painful exclamations from the plaintiff, NICHOLE SURBER, and advising that she could not breath.

9. The defendant, OFFICER KELLY GIVEN, continued to restrain the plaintiff, NICHOLE SURBER, in this manner while a police dog viciously bit the plaintiff, NICHOLE SURBER's, arm causing lacerations to her arm.

10. The plaintiff, NICHOLE SURBER, was then lifted by the defendant, OFFICER SCOTT CRAWFORD, in such a matter as to cause pain to the plaintiff, NICHOLE SURBER's, wrists.

11. The defendant, OFFICER SCOTT CRAWFORD, then placed the plaintiff, NICHOLE SURBER, face-down in the back of a police car in a manner which would not allow her to breath.

12. The defendant, OFFICER SCOTT CRAWFORD, then deliberately, maliciously and willfully pulled the plaintiff, NICHOLE SURBER, out of the marked police car by plaintiff, NICHOLE SURBER's, ankles, causing the her head and face to make violent contact with the side of the marked police car and then the ground causing physical harm and bodily injury.

13. The defendant, OFFICER SCOTT CRAWFORD, deliberately, maliciously and willfully pulled the plaintiff, NICHOLE SURBER, out of the marked police car by her ankles, causing her breast to be exposed to numerous persons watching the arrest.

14. The defendant, OFFICER SCOTT CRAWFORD, refused to allow the plaintiff, NICHOLE SURBER's, friend's mother to pull down her shirt so her breasts would not be exposed to the crowd of onlookers.

15. The plaintiff, NICHOLE SURBER, was later taken by the defendants to the Marengo Police Station, where the defendants placed the plaintiff, NICHOLE SURBER, in confinement and ignored the her demand for medical attention.

16. The defendant, OFFICER SCOTT CRAWFORD, following three hours of confinement, deliberately, maliciously and willfully pulled the plaintiff, NICHOLE SURBER, from the her confinement cell by her arms, in such a way as to cause the plaintiff, NICHOLE SURBER, physical pain and further bodily injury.

17. The plaintiff, NICHOLE SURBER, suffered needless physical pain, bodily harm, as well as humiliation and emotional distress as a result of the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN', deliberate, willful and malicious actions.

18. At the time and place aforesaid, and at all times relevant herewith, the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, were acting as the duly authorized agent of the defendant, THE CITY OF MARENGO, and were then and there acting within the scope of said employment with said principal, under the color of state law.

19. In arresting the plaintiff, NICHOLE SURBER, the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, used physical force which was clearly excessive in light of the circumstances existing at the time of the arrest. Further, the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, used excessive force with the willful and specific intent to inflict unnecessary harm upon the plaintiff, NICHOLE SURBER, and such use of force caused and was intended to cause physical and mental injuries to the plaintiff, NICHOLE SURBER.

20. The plaintiff, NICHOLE SURBER, arrest by the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, with the use of excessive force was in violation of her rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and her right under the Fourteenth Amendment of the United States to due process of law.

21. The plaintiff, NICHOLE SURBER, suffered painful personal injury, humiliation and emotional distress as a result of being arrested with excessive force.

22. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, NICHOLE SURBER, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, NICHOLE SURBER, requests this court enter a Judgment in favor of the plaintiff NICHOLE SURBER, and against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and that the following relief be awarded:

A. That the plaintiff, NICHOLE SURBER, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B. That the plaintiff, NICHOLE SURBER, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C. That the plaintiff, NICHOLE SURBER, be awarded attorney's fees and costs under section 1988; and

D. Such other relief as this court deems appropriate.

## COUNT II
## BATTERY

NOW COMES the plaintiff, NICHOLE SURBER, by and through her attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, states that:

1-18 The plaintiff, NICHOLE SURBER, re-alleges and incorporates by reference Paragraphs 1-18 of Count I of this Complaint as Paragraphs 1-18 of Count II of this Complaint.

19. The defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN', acts were intended to and did indeed cause bodily harm to the plaintiff, NICHOLE SURBER's, person.

20. The defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN', acts were committed outside of the scope of their authority and constituted a battery upon the plaintiff, NICHOLE SURBER's, person. Further, the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN's, actions were intended to and did injure the plaintiff, NICHOLE SURBER.

**WHEREFORE**, the plaintiff, NICHOLE SURBER, requests this court enter a Judgment in favor of the plaintiff, NICHOLE SURBER, and against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and that the following relief be awarded:

A. That the plaintiff, NICHOLE SURBER, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B. That the plaintiff, NICHOLE SURBER, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C. Such other relief as this court deems appropriate.

### COUNT III
### MARENGO-1983

NOW COMES the plaintiff, NICHOLE SURBER, by and through her attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-18 The plaintiff, NICHOLE SURBER, re-alleges and incorporates by reference Paragraphs 1-18 of Count I of this Complaint as Paragraphs 1-18 of Count III of this Complaint.

19. The defendant, THE CITY OF MARENGO, has violated the plaintiff, NICHOLE SURBER's, constitutional rights through implementation of a custom, policy or official acts of the defendant, THE CITY OF MARENGO.

20. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to take the appropriate corrective action against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers who are guilty of using excessive force.

21. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to conduct adequate investigations into the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers accused of using excessive force.

22. The defendant, THE CITY OF MARENGO, by and through the defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers guilty of using excessive force.

23. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers, accepted, promulgated and encouraged the conduct of said officers.

24. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers, created a custom and policy of such behavior.

25. The defendant, THE CITY OF MARENGO, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, against the plaintiff, NICHOLE SURBER, and other Marengo police officers guilty of using excessive force.

26. The defendant, THE CITY OF MARENGO, violated the plaintiff, NICHOLE SURBER's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and her right under the Fourteenth Amendment of the United States to due process of law.

27. The defendant, THE CITY OF MARENGO, was at all times acting under the color of State law.

28. As a result of the custom and policy of the defendant, THE CITY OF MARENGO, condoning arrests with excessive force, the plaintiff, NICHOLE SURBER, suffered painful personal injury, humiliation and emotional distress.

29. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, NICHOLE SURBER, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, NICHOLE SURBER, requests this court enter a Judgment in favor of the plaintiff NICHOLE SURBER, and against the defendant, THE CITY OF MARENGO, and that the following relief be awarded:

    A.    That the plaintiff, NICHOLE SURBER, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

    B.    That the plaintiff, NICHOLE SURBER, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

    C.    That the plaintiff, NICHOLE SURBER, be awarded attorney's fees and costs under section 1988; and

D.      Such other relief as this court deems appropriate.

## COUNT IV
## MASON-1983

NOW COMES the plaintiff, NICHOLE SURBER, by and through her attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, POLICE CHIEF LARRY MASON, states that:

1-18 The plaintiff, NICHOLE SURBER, re-alleges and incorporates by reference Paragraphs 1-18 of Count I of this Complaint as Paragraphs 1-18 of Count IV of this Complaint.

19. The defendant, POLICE CHIEF LARRY MASON, has violated the plaintiff, NICHOLE SURBER's, constitutional rights through implementation of a custom, policy or official acts of the defendant, THE CITY OF MARENGO.

20. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually failed to take the appropriate corrective action against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers who are guilty of using excessive force.

21. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually failed to conduct adequate investigations into the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers accused of using excessive force.

22. The defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers guilty of using excessive force.

23. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers, accepted, promulgated and encouraged the conduct of said officers.

24. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers, created a custom and policy of such behavior.

25. The defendant, POLICE CHIEF LARRY MASON, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendants, OFFICER SCOTT CRAWFORD

and OFFICER KELLY GIVEN, against the plaintiff, NICHOLE SURBER, and other Marengo police officers guilty of using excessive force.

26. The defendant, POLICE CHIEF LARRY MASON, violated the plaintiff, NICHOLE SURBER's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and her right under the Fourteenth Amendment of the United States to due process of law.

27. The defendant, POLICE CHIEF LARRY MASON, was at all times acting under the color of State law.

28. As a result of the custom and policy of the defendant, POLICE CHIEF LARRY MASON, condoning arrests with excessive force, the plaintiff, NICHOLE SURBER, suffered painful personal injury, humiliation and emotional distress.

29. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, NICHOLE SURBER, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, NICHOLE SURBER, requests this court enter a Judgment in favor of the plaintiff, NICHOLE SURBER, and against the defendant, POLICE CHIEF LARRY MASON, and that the following relief be awarded:

- A. That the plaintiff, NICHOLE SURBER, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);
- B. That the plaintiff, NICHOLE SURBER, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);
- C. That the plaintiff, NICHOLE SURBER, be awarded attorney's fees and costs under section 1988; and
- D. Such other relief as this court deems appropriate.

## COUNT V
## RECKLESS HIRING

NOW COMES the plaintiff, NICHOLE SURBER, by and through her attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-18 The plaintiff, NICHOLE SURBER, re-alleges and incorporates by reference Paragraphs 1-18 of Count I of this Complaint as Paragraphs 1-18 of Count V of this Complaint.

19. Prior to his employment with defendant, THE CITY OF MARENGO, defendant, OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police Department of the City of Waukegan for misconduct;

20. The defendant's misconduct stemmed from allegations of police brutality and the use of excessive force in the line of duty;

21. The defendant, OFFICER SCOTT CRAWFORD, was fired from his position with the City of Marengo upon conclusion of two internal investigations unrelated to the events alleged in this case, which firing was subsequent to the filing of case No. 05 C 4664.

22. The defendant, THE CITY OF MARENGO, knew or should have known of defendant's past misconduct when hiring the defendant.

23. The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to hire the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff, NICHOLE SURBER.

**WHEREFORE,** the plaintiff, NICHOLE SURBER, requests this court enter a Judgment in favor of the plaintiff, NICHOLE SURBER, and against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and that the following relief be awarded:

A. That the plaintiff, NICHOLE SURBER, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B. That the plaintiff, NICHOLE SURBER, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C. Such other relief as this court deems appropriate.

**COUNT VI**
**RECKLESS RETENTION**

NOW COMES the plaintiff, NICHOLE SURBER, by and through her attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-18 The plaintiff, NICHOLE SURBER, re-alleges and incorporates by reference Paragraphs 1-18 of Count I of this Complaint as Paragraphs 1-18 of Count VI of this Complaint.

19. Prior to his employment with defendant, THE CITY OF MARENGO, defendant, OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police Department of the City of Waukegan for misconduct;

20. The defendant's misconduct stemmed from allegations of police brutality and the use of excessive force in the line of duty;

21. The defendant is currently on paid administrative leave from his duties as a law enforcement officer of defendant, THE CITY OF MARENGO, pending the outcome of two internal investigations unrelated to the events alleged in this Complaint

22. The defendant, THE CITY OF MARENGO, knew or should have known of defendant's past misconduct.

23. The defendant, THE CITY OF MARENGO, despite knowing of defendant's past misconduct and the current investigations pending against the defendant, nonetheless chose to retain the defendant as a law enforcement officer.

24. The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to retain, the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff, NICHOLE SURBER.

**WHEREFORE**, the plaintiff, NICHOLE SURBER, requests this court enter a Judgment in favor of the plaintiff, NICHOLE SURBER, and against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and that the following relief be awarded:

    A.    That the plaintiff, NICHOLE SURBER, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

    B.    That the plaintiff, NICHOLE SURBER, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

    C.    Such other relief as this court deems appropriate.

## COUNT VII
## UNLAWFUL DISCLOSURE

NOW COMES the plaintiff, NICHOLE SURBER, by and through her attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER KELLY GIVEN, states that:

1-18. The plaintiff, NICHOLE SURBER, re-alleges and incorporates by reference Paragraphs 1-18 of Count I of this Complaint as Paragraphs 1-18 of Count VII of this Complaint.

19. At some time subsequent to filing of the Complaint at Law based on the aforementioned events, defendant, OFFICER KELLY GIVEN, disclosed the police reports and records regarding the arrest of the plaintiff, NICHOLE SURBER, to the general public including members of the press.

20. In disclosing the police reports and records regarding the arrest of the plaintiff, NICHOLE SURBER, the defendant, OFFICER KELLY GIVEN, violated 705 ILCS 405/1-7 requiring the confidentiality of a juvenile's arrest records and reports.

21. Said disclosures by the defendant, OFFICER KELLY GIVEN, was in violation of the plaintiff, NICHOLE SURBER's, rights under the United States Constitution and the Illinois State Constitution.

22. The plaintiff, NICHOLE SURBER, suffered painful personal injury, humiliation and emotional distress as a result of the aforementioned disclosures.

23. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, NICHOLE SURBER, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, NICHOLE SURBER, requests this court enter a Judgment in favor of the plaintiff, NICHOLE SURBER, and against the defendant, OFFICER KELLY GIVEN, and that the following relief be awarded:

- A. That the plaintiff, NICHOLE SURBER, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);
- B. That the plaintiff, NICHOLE SURBER, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);
- C. That the plaintiff, NICHOLE SURBER, be awarded attorney's fees and costs under section 1988; and
- D. Such other relief as this court deems appropriate.

## COUNT VIII
## CONSPRIRACY

NOW COMES the plaintiff, NICHOLE SURBER, by and through her attorneys KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendants, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, OFFICER SCOTT CRAWFORD, and OFFICER KELLY GIVEN, state that:

1-18. The plaintiff, NICHOLE SURBER, re-alleges and incorporates by reference Paragraphs 1-18 of Count I of this Complaint as Paragraphs 1-18 of Count VIII of this Complaint.

19. The defendants, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers, have conspired to violate the plaintiff, NICHOLE SURBER's, constitutional rights through an agreed implementation of a custom, policy, or official acts of the defendants, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN and other Marengo Police Officers.

20. The defendants, THE CITY OF MARENGO and POLICE CHIEF LARRY MASON, have consistently and habitually failed to take the appropriate corrective action against the defendants OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers who are guilty of using excessive force, false arrest, and malicious prosecution.

21. The defendants, THE CITY OF MARENGO and POLICE CHIEF LARRY MASON have consistently and habitually failed to conduct adequate investigations into the defendants, OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers accused of using excessive force, false arrest, and malicious prosecution.

22. The defendant, THE CITY OF MARENGO, by and through the defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendants, OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers guilty of using excessive force, false arrest and malicious prosecution.

23. The defendants, THE CITY OF MARENGO and POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers, accepted, promulgated and encouraged the conduct of said officers.

24. The defendants, THE CITY OF MARENGO & POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers, created a custom and policy of such behavior.

25. The defendants, THE CITY OF MARENGO & POLICE CHIEF LARRY MASON, as a result of the foregoing, have tacitly approved and implicitly ratified the conduct of the defendants, OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers, guilty of using excessive force, false arrest, and malicious prosecution against the plaintiff, NICHOLE SURBER.

26. The defendants, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers, have conspired to violate the plaintiff, NICHOLE SURBER's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and her rights under the Fourteenth Amendment of the United States to due process of law.

27. The defendants, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, OFFICER SCOTT CRAWFORD, and OFFICER KELLY GIVEN, were at all times acting under the color of State law.

28. As a result of the agreed upon custom and policy of the defendants, THE CITY OF MARENGO and POLICE CHIEF LARRY MASON, condoning arrests with excessive force, false arrests and malicious prosecutions, the plaintiff, NICHOLE SURBER, were deprived of their constitutional rights, suffered painful personal injuries, humiliation and emotional distress.

29. As a result of the agreed upon custom and policy of the defendants, THE CITY OF MARENGO and POLICE CHIEF LARRY MASON, and the needless and malevolent arrest and prosecution, the plaintiff, NICHOLE SURBER, were required to hire the services of a lawyer and a private investigator to defend themselves against the charges incurring substantial legal expenses.

30. Further, pursuant to 42 U.S.C., 1983 and 1988, the plaintiff, NICHOLE SURBER, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, NICHOLE SURBER, requests this court enter a Judgment in favor of the plaintiff, NICHOLE SURBER, and against the defendants, THE CITY OF

MARENGO, POLICE CHIEF LARRY MASON, OFFICER SCOTT CRAWFORD, and OFFICER KELLY GIVEN, and that the following relief be awarded:

    A.    That the plaintiff, NICHOLE SURBER, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

    B.    That the plaintiff, NICHOLE SURBER, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

    C.    That the plaintiff, NICHOLE SURBER, be awarded attorney's fees and costs under section 1988; and

    D.    Such other relief as this court deems appropriate.

/S/ Melissa K. Ventrone
Melissa K. Ventrone
Attorney for the Plaintiffs

ATTY #:    6209128
**The Law Offices of Kevin E. O'Reilly**
**Three First National Plaza**
**70 West Madison Street**
**Suite 2100**
**Chicago, Illinois 60602**
T    (312) 726-4510
F    (312) 726-4512